IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM,<br> Plaintiff,<br><br>v.<br><br>TEXAS A&M UNIVERSITY,<br> Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 4:18-cv-02011 |

### MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS

Van Overdam was suspended from Texas A&M for anally penetrating a female student without her consent. He now seeks to depose her, along with an assortment of Texas A&M officials—including the President—and states that written discovery is on its way. Texas A&M asks this Court to stay all discovery until the Court rules on the pending *Motion to Dismiss*.

### Background

This Court granted Texas A&M's *Motion to Dismiss* but allowed Plaintiff to replead. *Minute Entry,* October 23, 2018. Plaintiff did, and Texas A&M has a pending *Motion to Dismiss* the amended complaint. *See Dkts.* 21, 26 (fully briefed as of January 11, 2019).

This Court issued a scheduling order on April 29 setting a discovery deadline of November 1, 2019. Shortly thereafter, counsel for Plaintiff inquired about deposition dates for the female student and 8 Texas A&M

1

officials/former officials. Many of these officials had nothing to do with Van Overdam's disciplinary hearing in the summer of 2016 and the request to depose them is simply a harassing fishing expedition—including the request to depose Texas A&M's president.[1] *See* **Exhibit A**, *Declaration of Kristen Harrell*. Additionally, counsel indicated that written discovery was "coming out to [Texas A&M] right away." *See* **Exhibit B**.

At that time, the parties discussed (over email and telephone) but could not agree to stay discovery pending resolution of the *Motion to Dismiss*, which precipitated this motion.

## Argument & Authorities

This Court may grant a stay to prevent unnecessary discovery during the pendency of a motion to dismiss. *Mcpeters v. Lexisnexis*, 2011 WL 13253446, at *1 (S.D. Tex. October 5, 2011) (Ellison, J.); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (district court has broad discretion to issue order deferring discovery while 12(b)(6) motion was pending and district court was within its discretion to do so).

This Court has broad discretion to "stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. U.S.*, 416 F. App'x. 400, 2011 WL 721515, at * 2 (5th Cir. March 2, 2011). Under Rule 26,

---

[1] Texas A&M may need to file several motions for protective orders should Plaintiff notice those depositions.

the Court may stay discovery for "good cause," such as finding that discovery will impose undue burden or expense without aiding the resolution of the dispositive motions and that discovery may not be proportional to the needs of the case at this time. *Id.;* FRCP 26.

Among the factors courts consider when deciding whether to stay discovery pending the ruling on the motion to dismiss are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking the stay. *Von Drake v. Nat'l Broadcasting Co, Inc.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). "The issuance of the stay may be particularly appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *Mcpeters*, 2011 WL 13253446, at *1 (citations and quotations omitted).

Indeed, no discovery is necessary at this stage because resolution of the pending *Motion to Dismiss* is based on the face of the complaint. *Mcpeters*, 2011 WL 13253446, at *1 (granting stay and stating that motion to dismiss is evaluated on the complaint, thus discovery is unnecessary). Thus, all discovery sought at this point is unnecessary and unduly burdensome. It is also not proportional to the needs of the case at this time because there is no need for any discovery.

Here, Van Overdam seeks to depose 8 Texas A&M witnesses and the female student he was found to have sexually assaulted. He also states that written discovery is on its way. The burden on Texas A&M and the witnesses is a given. Witnesses will need to be prepared and sit for a deposition. Counsel in Austin will have to travel to College Station to prepare witnesses and attend depositions, all at a cost to the State. It is unclear how burdensome written discovery will be, but it is obvious that responding to any written discovery will be burdensome when contrasted with the benefit to the case given the pending motion. And preparing witnesses to testify and presenting them will be time consuming.

Additionally, because several of the potential deponents have no apparent connection to the investigation and disciplinary hearing in this case, if this Court does not issue an order staying discovery, Texas A&M will likely file motions seeking protection for certain specific depositions. This will create an additional burden on the parties and the Court.

Moreover, Texas A&M has already prevailed in its first *Motion to Dismiss* and the same reasoning that governed the Court's granting of that motion still exists. Plaintiff's complaint has not materially changed. And if Texas A&M prevails in its motion, this case will be dismissed. Any discovery conducted would be a waste of time and resources for the parties and the Court.

Accordingly, Texas A&M respectfully asks this Court to grant this motion and issue an order staying all discovery until this Court rules on the pending *Motion to Dismiss*.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        DARREN L. MCCARTY
        Deputy Attorney General for
        Civil Litigation

        AMANDA COCHRAN MCCALL
        Chief of General Litigation Division

        ***/s/ Sean Flammer***
        SEAN FLAMMER-Attorney in Charge
        Assistant Attorney General
        Texas Bar No. 24059754
        Southern District No. 1376041
        CRISTINA MORENO
        Assistant Attorney General
        Texas Bar No. 24105023
        Southern District No. 3195054
        Office of the Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, TX 78711-2548
        Sean.flammer@oag.texas.gov
        Cristina.moreno@oag.texas.gov
        (512) 463-2120 PHONE
        (512) 320-0667 FAX
        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

On May 6, 2019 I had a phone conversation with Gaines West and he confirmed for me that he is opposed to this motion.

*/s/ Sean Flammer*
Sean Flammer

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

Gaines West
John "Jay" Rudinger, Jr.
Aaron B. Michelsohn
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald plaza
College Station, TX  77845-1515
Phone:  979-694-7000
Fax: 979-694-8000
Gaines.west@westwebblaw.com
Jay.rudinger@westwebblaw.com
Aaron.michelsohn@westwebblaw.com

*/s/ Sean Flammer*
ASSISTANT ATTORNEY GENERAL