UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2011 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Protective Order (Doc. No. 73). Defendant Texas A&M University is seeking an order that would protect its President, Michael K. Young, from deposition. Plaintiff Austin Van Overdam has unilaterally noticed President Young's deposition for March 30, 2020. (Doc. No. 74, at 6). After considering the Motion and all applicable law, the Court determines that Defendant's Motion for Protective Order must be **GRANTED.**

Under Rule 26, parties may obtain discovery that is "relevant to any party's claim" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court must limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* at 26(b)(2)(C)(i). The Court may also issue a protective order to protect an individual from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c)(1).

After the Court's previous ruling on Defendant's Motion to Dismiss, Plaintiff's only remaining claim is one of selective enforcement. Accordingly, the only relevant question in this case is whether Defendant initiated its investigation or punished Plaintiff because of his gender.

1

*See Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 2010 (5th Cir. 2019). Plaintiff fails to explain how President Young's deposition is relevant to his selective enforcement claim. In his Response, Plaintiff primarily relies on President Young's role in changing sexual assault policies on campus in 2018, in response to activism by Plaintiff's victim and other women on campus. (Doc. No. 74, at 12–17). However, Plaintiff does not explain how President Young's actions in 2018 evidence selective enforcement against Plaintiff in 2016, during which Plaintiff was charged, sanctioned, and served his suspension. (Doc. No. 73, at 7–8). Plaintiff also argues that President Young generally supported sexual assault policies on campus during his tenure as university president, for example, by stating that collecting data through a sexual assault survey was "important." (Doc. No. 74, at 16). Again, Plaintiff does not explain how general support for the university's sexual assault policies relates to Plaintiff's selective enforcement claim. Additionally, even if such a generalized statement were relevant, Plaintiff could seek out such statements from depositions of other university officials or written discovery, making President Young's deposition cumulative.

Because everything Plaintiff seeks from President Young's deposition is either irrelevant to his remaining selective enforcement claim or cumulative of other discovery accessible to Plaintiff, the Court **GRANTS** Defendant's Motion pursuant to its power under Rule 26(b)(2)(C) to limit discovery.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 30th day of March, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE