United States District Court
Southern District of Texas
**ENTERED**
April 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2011 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. No. 77). Plaintiff Austin Van Overdam asks the Court to reconsider its Order granting Defendant Texas A&M University's Motion for Protective Order. (Doc. No. 76). In its Order, the Court quashed Plaintiff's notice of deposition for Texas A&M University President Michael Young, finding that Plaintiff failed to show how President Young's deposition would be relevant to Plaintiff's remaining selective enforcement claim.

Plaintiff has not provided any new evidence or arguments for why the Court should reconsider its decision to protect President Young from deposition in this suit. Thus, the Court **DENIES** Plaintiff's Motion for Reconsideration.

However, because the parties' interpretations of the Court's previous Order appear to be in conflict, the Court will clarify its previous Order. Plaintiff's only remaining claim is a claim of selective enforcement under Title IX. (Doc. No. 76, at 1). As the Court stated in its Order, the relevant question for such a claim is whether Defendant initiated its investigation or punished Plaintiff because of his gender. *Id.* at 1–2 (citing *Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 213 (5th Cir. 2019)). The Court, however, did not foreclose discovery of evidence that falls

outside of the time period during which Plaintiff was being investigated. After all, evidence of an established pattern or practice, or of similarly situated comparators, for example, may be relevant to the question of whether Defendant initiated its investigation or punished Plaintiff because of his gender. Such evidence regularly comes from outside of the time period in which Plaintiff was being investigated.

The Court did not grant its previous Order solely because President Young's statements were made after the time period of Plaintiff's investigation. Rather, as the Court stated in its Order, the Court could not find President Young's deposition relevant to the present case because Plaintiff failed to "explain how President Young's actions in 2018 evidence selective enforcement against Plaintiff in 2016." (Doc. No. 76, at 2). This does not foreclose other evidence relating to events that occurred outside of the time period during which Plaintiff was being investigated, as long as that evidence is relevant to the claim at hand.

The Court will not opine on the relevance of other evidence or the sufficiency of Defendant's objections and responses to Plaintiff's discovery requests at this time. If parties are unable to reach agreement on discovery objections, parties may seek relief for those disputes before this Court separately.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE