United States District Court
Southern District of Texas
**ENTERED**
January 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-02011 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART
### PLAINTIFF'S EMERGENCY MOTION TO COMPEL (DOC. 103)

Plaintiff has filed an Emergency Motion to Compel. (Doc. 103.) On January 27, 2021, this Court held a telephonic hearing with the parties. After considering the motion, briefing, oral arguments by parties, and relevant law, the Court concludes that the motion should be GRANTED in part and DENIED in part.

The Court construes Plaintiff's motion as requesting production of the following: (1) either the passwords to unlock already-produced spreadsheets, or versions of the same spreadsheets which may be sorted and filtered in Microsoft Excel, (2) the underlying source documents related to the Title IX complaints and investigation reports catalogued in those spreadsheets; and (3) records from additional years—specifically, beginning in 2011—beyond the already-disclosed records from the 2014 to 2018 timeframe. (Doc. 103 at 7.) Plaintiff additionally seeks sanctions and the continuance of the current discovery deadlines and trial date. (Doc. 103 at 8.)

The Court first notes that this is not a case that should require extensive, prolonged, or voluminous discovery. It involves a single plaintiff and, in practical terms, a single defendant (including University officers sued in their official capacity). Plaintiff has a single claim against Defendant—a Title IX selective enforcement claim. That claim raises a sole issue: whether

1

Defendant either initiated its investigation or punished Plaintiff because of his gender. *Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 213 (5th Cir. 2019).

### 1. Passwords

In Plaintiff's Second Set of Requests for Production, RFPs 31 and 32, Plaintiff requested documents pertaining to complaints made under Title IX as well as investigations initiated in response to those complaints, from 2014 to present. (Doc. 103, Appendix at 61.) In response to these two requests, Defendants produced two spreadsheets cataloguing complaints and investigations. However, the spreadsheets were produced in a locked format, meaning Plaintiff and Plaintiff's expert are unable to apply standard Microsoft Excel features such as sorting and filtering.

Rule 34 permits a party to "specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). It additionally requires information to be produced either "as they are kept in the usual course of business" or "in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(i)–(ii).

The Court agrees with Plaintiff that the spreadsheets as produced are unwieldy and do not conform with the rules of discovery. Plaintiff should be permitted to perform basic filtering, sorting, and statistical analysis on the spreadsheet in order to attempt to show the existence of a comparator for the purposes of his selective enforcement claim. The Court is also unpersuaded by Defendants' concern that the spreadsheets may be inadvertently edited by Plaintiff, which would purportedly prevent Defendants' fact witnesses from testifying as to the information contained therein. Under Defendants' logic, all electronic records in even common formats as Microsoft Word would need to be produced only in locked form, which is not standard discovery practice as far as this Court is aware. Plaintiff has also proposed a reasonable solution to Defendants'

concern—namely, keeping a separate locked spreadsheet with an identifier against which any demonstrative exhibits may be compared in the unlikely even a discrepancy arises. (*See* Doc. 107 at 5.)

For these reasons, Defendants are ordered to produce either the passwords to the spreadsheets, or to produce unlocked versions of the same spreadsheets.

**2. Source Documents**

In Plaintiff's Second Set of Requests for Production, RFP 36, Plaintiff requested: "All documents evidencing the reports completed by investigators after conducting an investigation of the complaints, identified in Request No. 31, . . . from 2014 to the present." (Doc. 103, Appendix at 61.) As explained, Defendants HAVE produced spreadsheets cataloguing complaints and investigations but not the underlying documents and reports themselves. For each complaint, the spreadsheets contain information regarding: "the sex of the complainant and accused, the claims made in the complaint, the charges investigated, notes about the general conduct at issue, whether a formal investigation resulted, the outcome of the investigation, and the sanction imposed on the accused." (Doc. 106 at 5–6.)

While the Rules presumptively favor broad discovery, they also disfavor "unreasonably cumulative or duplicative" discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). In accord with this principle, Court finds that Plaintiff's request for all of the underlying source documents—totaling over 30,000 pages involving highly sensitive matters regarding Texas A&M alumni—is duplicative of the information contained in the spreadsheets summarizing and cataloguing those same reports.

Thus, the Court denies Plaintiff's request for the source documents of University complaints and investigations.

### 3. Time Range

Plaintiff next requests documents pertaining to complaints and investigations beginning in 2011. (Doc. 107 at 2 n.5.) However, the RFPs at issue here, in Plaintiff's Second Set of Request for Production, mention only the timeframe of 2014 to the present. Thus, the Court does not feel it is appropriate to expand the scope of that request through the vehicle of an Emergency Motion to Compel. Further, to the extent the parties dispute the effect of Plaintiff's First Set of Requests for Production which *did* include the broader timeframe (*see* Doc. 103, Appendix at 52–53), the Court is satisfied that more than five years of data cataloguing over 700 complaints and over 200 investigations is a proportionate amount of discovery in this case, which involves conduct that allegedly took place during those years.

Thus, the Court denies Plaintiff's request to expand the scope of discovery to encompass a broader timeframe.

### 4. Depositions of Reber and Harrell

At a previous hearing, the Court ordered the depositions of two of Defendants' fact witnesses, Dean Anne Reber and Dr. Kristin Harrell, to be reopened for two hours. (November 24, 2020 Minute Entry). The parties are ordered to promptly schedule these two depositions for a date no later than February 28, 2021. The parties should inform the Court when they have done so.

### 5. Sanctions

The Court declines to order sanctions. While the parties have failed to reach consensus on some basic issues, the Court believes that Defendants' counsel has engaged in good faith efforts to work with Plaintiff's counsel on these discovery disputes, and that sanctions are therefore unwarranted.

For the foregoing reasons, the Court orders the following:

(1) Defendants are directed either to produce the passwords to unlock the spreadsheets that were previously produced in response to RFPs 31 and 32, or to produce the same spreadsheets in an unlocked format that permits sorting and filtering.

(2) The parties are directed to promptly schedule the depositions of Reber and Harrell for a date no later than February 28, 2021 and inform the Court when they have done so.

(3) The docket control order for this case is modified as follows: Discovery due by March 22, 2021. Dispositive and Non-Dispositive Motions due by May 31, 2021. Jury Trial set for August 30, 2021 at 9:00 AM in Courtroom 3A, Houston, before Judge Keith P Ellison.

(4) Plaintiff's remaining requests for relief are denied.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on January 28, 2021.

                                                KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE