UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AUSTIN VAN OVERDAM,** § § § *Plaintiff,* § § v. § § **TEXAS A&M UNIVERSITY, MICHAEL** § **K. YOUNG, in his official capacity,** § **ALYSSA LEFFALL, in her official** § **capacity, KYLE MCCRACKEN, in his** § **official capacity, DUSTIN GRABSCH, in** § **his official capacity, JACLYN** § **UPSHAWBROWN, in her official** § **capacity, DAYNA FORD, in her official** § **capacity, KRISTEN HARRELL, in her** § **official capacity, and C.J. WOODS, in his** § **official capacity.** § § *Defendants,* § | CASE NO. 4:18-CV-02011 |

### PLAINTIFF'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

COMES NOW Plaintiff Austin Van Overdam ("Plaintiff") and, under 28 U.S.C. § 1292, respectfully asks this Court to certify for interlocutory appeal its rulings denying Plaintiff Austin Van Overdam's Motion for Reconsideration (Dkt. 91)[1] and denying in part and granting in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 47).[2] Plaintiff further requests that the Court enter two written orders: (1) a signed written order memorializing the Court's November 5, 2019 ruling dismissing Plaintiff's Title IX claims (with the exception of Plaintiff's selective enforcement claim) and due process claims; and (2) a signed written order memorializing the Court's February 8, 2021 ruling denying Plaintiff's Motion for Reconsideration.

---

[1] *See* 02/08/2021 Minute Entry.
[2] *See* 11/05/2019 Minute Entry; Dkt. 65 (transcript of hearing with oral ruling).

Furthermore, pursuant to Rule 5(a)(3) of the Federal Rules of Appellate Procedure, Plaintiff requests that the Court amend its prior rulings—to be reflected in the signed written orders requested herein—to grant permission for Plaintiff to petition for appeal under 28 U.S.C. § 1292(b), stating that that the necessary conditions are met for certifying these rulings for interlocutory appeal—i.e., the orders involve a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the orders may materially advance the ultimate termination of the litigation. Finally, Plaintiff requests that the Court stay further proceedings in the district court pending such permissive appeal. *See* 28 U.S.C. § 1292(b). Plaintiff submits with this motion forms of written orders reflecting the Court's prior rulings, along with the relief requested in this motion. Such form orders are submitted without waiving Plaintiff's right to appeal from the Court's dismissal, in part, of Plaintiff's claims or the Court's denial of the motion for reconsideration.

As is apparent from argument during the February 8 hearing on Plaintiff's Motion for Reconsideration, Plaintiff's Title IX and due process claims involve controlling questions of law as to which there are substantial grounds for a difference of opinion. Moreover, those differences of opinion have immediate and important ramifications for the proper scope of discovery and the triable issues of fact in this case. As a result, an immediate appeal and review of these issues would materially advance litigation and serve judicial economy by enabling the parties to complete discovery and trial of all matters in this lawsuit through one process rather than through further pretrial disputes and a potential second round of discovery and trial following an appeal of a final judgment.

## I. ISSUES FOR CERTIFICATION

Plaintiff respectfully requests that the Court certify the following questions for interlocutory appeal and review by the United States Court of Appeals for the Fifth Circuit:

(1) Whether Plaintiff pleaded a viable Title IX claim based on sex discrimination in his disciplinary hearing (beyond a selective enforcement claim—the only claim the Court permitted Plaintiff to pursue).

(2) Whether the four commonly accepted theories of liability under Title IX—erroneous outcome, selective enforcement, archaic assumptions, and deliberate indifference—constitute discrete claims that must be individually pleaded and proven, or whether Plaintiff must simply plead sufficient facts to raise a plausible inference that the university discriminated against him on the basis of sex under 20 U.S.C. § 1681(a).

(3) Whether Plaintiff pleaded a viable due process claim based on a fundamentally unfair hearing process by providing unequal assistance to the accusing student and denying Plaintiff the right to adversarial cross-examination through his chosen advisor.

## II. ARGUMENTS AND AUTHORITIES

The Court's rulings and the issues presented herein are appropriate for interlocutory appeal because they involve controlling questions of law as to which there are substantial ground for difference of opinion, and an immediate appeal from the written orders requested herein would materially advance the ultimate termination of litigation by enabling one process for litigation and trial of all issues in this case. Thus, the above issues regarding Plaintiff's Title IX and due process claims should be certified for immediate interlocutory appeal. *See* 28 U.S.C. § 1292.

**A.  The orders dismissing Plaintiff's Title IX and due process claims—and precluding discovery into those issues—present controlling questions of law over which there is substantial ground for difference of opinion.**

These issues have been thoroughly briefed, and Plaintiff incorporates the briefing from both parties herein by reference. *See, e.g.*, Dkts. 47, 52, 54, 65, 91, 96, 99. Additionally, as argued in Plaintiff's Motion for Reconsideration, recent developments in both case law and the position of the Texas Attorney General's office in national litigation warrant additional review and

demonstrate that there are substantial grounds for differences of opinion over controlling questions of law at issue in this case.

First, with respect to Plaintiff's Title IX claim, the straightforward statutory test annunciated by the Seventh Circuit in *Doe v. Purdue University* has gained traction and has been followed by the Third, Eighth, and Ninth Circuits. *See Doe v. Purdue Univ.*, 928 F.3d 652, 667–68 (7th Cir. 2019) ("[D]o the alleged facts, if true, raise a plausible inference that the university discriminated against [the plaintiff student] 'on the basis of sex'?"); *see also Doe v. Univ. of Scis.*, 961 F.3d 203, 209 (3d Cir. 2020) (following the Seventh Circuit); *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 947 (9th Cir. 2020) (same); *Doe v. Univ. of Arkansas - Fayetteville*, 19-1842, 2020 WL 5268514, at *4 (8th Cir. Sept. 4, 2020) (citing *Purdue* for the basic Title IX standard). Rather than treat the four general theories of liability under Title IX[3] as discrete claims, these authorities treat a Title IX claim as a single, broad statutory claim that can be proven through various means. Ultimately, however, there is one test: whether the university discriminated on the basis of sex. *Doe v. Purdue Univ.*, 928 F.3d 652, 667–68.

In opposition to Plaintiff's Title IX claim, Defendant has taken the position (and this Court ultimately agreed with Defendant) that the Fifth Circuit, in *Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 209 (5th Cir. 2019), treats the four theories of liability as discrete claims that must each be pleaded and proven separately. However, the *Klocke* court acknowledged that "[t]he Supreme Court has 'consistently interpreted Title IX's private cause of action broadly to encompass diverse forms of intentional sex discrimination.'" *Klocke*, 938 F.3d at 210 (quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183 (2005)). And *Klocke* did not address whether each theory of liability (or general "categories" of discrimination) constitute discrete

---

[3] The four general theories of liability under Title IX are commonly known as erroneous outcome, selective enforcement, archaic assumptions, and deliberate indifference. *See Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018); *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).

claims that must be pleaded and proven separately. *See id.* (discussing two of the categories from *Yusuf*).

As a result, there appears to be substantial ground for difference of opinion as to whether and to what extent overlapping factual allegations may support one or more theories of liability in pleading a Title IX claim. The answer to this question has a dramatic impact on the proper scope of litigation—as Defendant has used this Court's ruling to limit Plaintiff's ability to investigate information relevant to the outcome of his disciplinary hearing, and Plaintiff will be prevented at trial from attempting to prove that his disciplinary hearing was erroneous by virtue of those rulings.

Second, with respect to Plaintiff's due process claim, even the Texas Attorney General has recently taken the position that universities have known for years that the Constitution requires more than Defendant argues ought to be required here.[4] *See* Doc. 91-2 at 11 ("Plaintiffs in fact have a legal obligation to provide students with these safeguards anyway [(i.e., the procedures required by the recent Title IX Finale Rule)], and they have known for years that constitutional norms favor more procedural protections for students accused of sexual harassment, not less."). Regardless of whether Defendant should be bound in this case by the position of its lawyer—the Texas Office of Attorney General—the Brief of the State of Texas demonstrates that there is substantial ground for difference of opinion on the issues raised by Plaintiff's due process claim. And these questions of law are controlling because they are determinative of whether Plaintiff stated a viable claim.

---

[4] Doc. 91-2, BRIEF OF THE STATES OF TEXAS, ALABAMA, ALASKA, ARKANSAS, FLORIDA, GEORGIA, INDIANA, KENTUCKY, LOUISIANA, MISSISSIPPI, NEBRASKA, OKLAHOMA, SOUTH CAROLINA, SOUTH DAKOTA, AND TENNESSEE, AS AMICI CURIAE IN SUPPORT OF DEFENDANTS, (hereinafter "Brief of the State of Texas") Cause No. 1:20-cv-01468-CJN, Doc. 79 (filed Jul. 16, 2020), available at http://2hsvz0l74ah31vgcm16peuy12tz.wpengine.netdna-cdn.com/wp-content/uploads/2020/07/02327967.pdf.

Because Plaintiff's Title IX and due process claims give rise to controlling questions of law that have substantial ground for difference of opinion, immediate interlocutory appeal is appropriate in this case.

**B.     Certifying these orders for interlocutory appeal would materially advance litigation by enabling the parties to resolve these differences now, avoid multiple further pre-trial disputes, and avoid the risk of litigating these issues twice.**

An interlocutory appeal is proper if it will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.

An appeal of the orders of dismissal and denial of reconsideration would enable the Court to avoid protracted litigation following discovery and trial of Plaintiff's live "selective enforcement claim" when Plaintiff would later have to appeal and potentially re-do both discovery and trial for his Title IX claim under the erroneous outcome theory of liability as well as his due process claim. The Fifth Circuit has authorized interlocutory appeals for this very reason. *E.g.*, *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 548 (5th Cir. 2016) ("[B]y fully addressing this [question], we may be able to hasten the end of this already long-running litigation, e.g., by preventing post-trial appeals on the same topic and clarifying the permissible scope of U visa discovery, preventing further pretrial disputes."). By certifying the orders of dismissal and denial of reconsideration for interlocutory appeal, the Court will be able to avoid protracted pretrial disputes and a potential second course of litigation following an appeal after trial. An interlocutory appeal would allow the Court to make rulings with the certainty of the Fifth Circuit's blessing, and the parties would be able to proceed to the termination of this litigation in the most efficient manner possible.

Because interlocutory appeal would provide certainty and the most efficient course of litigation moving forward, certifying these orders and questions for interlocutory appeal is proper and appropriate.

### III.  CONCLUSION

For these reasons, Plaintiff Austin Van Overdam respectfully requests that the Court enter written orders memorializing its rulings. Additionally, under 28 U.S.C. § 1292(b), Plaintiff requests that the Court amend its orders—the orders dismissing all of Plaintiff's claims with the exception of a selective enforcement claim under Title IX claim and denying reconsideration of the same—to include the requisite language set forth in 28 U.S.C. § 1292(b) and certify them for immediate interlocutory appeal and review by the United States Court of Appeals for the Fifth Circuit. In addition, Plaintiff requests that the Court stay further proceedings in the district court pending such permissive appeal. *See* 28 U.S.C. § 1292(b). Plaintiff requests such further relief, in law or equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone:  (979) 694-7000
Facsimile:   (979) 694-8000

By: __/s/ *Gaines West*_____
GAINES WEST
State Bar No. 21197500 / SDTX No. 5327
Email:  gaines.west@westwebblaw.com
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852 / SDTX No. 1421393
Email: jay.rudinger@westwebblaw.com
KYLE CARNEY
State Bar No. 24096789 / SDTX No. 3362881
Email: kyle.carney@westwebblaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I hereby certify and aver that on February 10, 2021, I conferred with Ms. Rola Daaboul, counsel of record for Defendant, regarding the relief sought in this motion. Ms. Daaboul communicated that Defendant is opposed.

By: s/ *Gaines West*
GAINES WEST

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division on February 12, 2021, and therefore has been served upon all counsel of record in accordance with such e-filing protocols.

By: s/ *Gaines West*
GAINES WEST