United States District Court
Southern District of Texas
**ENTERED**
March 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2011 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER CERTIFYING INTERLOCUTORY APPEAL AND STAYING PROCEEDINGS

Pending before the Court are Plaintiff's Motion to Certify for Interlocutory Appeal (Doc. 112) and Motion to Stay Pending Resolution of Interlocutory Appeal (Doc. 113). After considering the briefing, relevant law, and arguments made at the February 22, 2021 hearing, the Court is of the opinion that both motions should be **GRANTED** as follows.

Plaintiff Austin Van Overdam brought this suit in 2018 against Defendants Texas A&M University and various University officials alleging sex discrimination under Title IX of the Civil Rights Act, and a deprivation of constitutional due process under 42 U.S.C. § 1983. In his Second Amended Complaint (Doc. 42), Plaintiff pled his Title IX claim under two well-recognized theories challenging university disciplinary proceedings: erroneous outcome and selective enforcement. *See Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 210 (5th Cir. 2019); *accord Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).

Defendants moved to dismiss all claims. (Doc. 47.) At a hearing on November 5, 2019, this Court found that Plaintiffs had plausibly alleged a Title IX claim under a selective enforcement theory but not an erroneous outcome theory and limited the scope of discovery accordingly. The

1

Court also dismissed Plaintiff's § 1983 claim alleging a violation of constitutional due process for failure to state a claim. On October 9, 2020, Plaintiff moved for the Court to reconsider that ruling (Doc. 91), which the Court denied at a February 8, 2021 hearing. Plaintiff subsequently moved to certify several issues of law underlying the Court's rulings on the motion to dismiss and motion to reconsider, and to stay proceedings in the meantime. (Docs. 112, 113.)

District courts may certify for interlocutory appeal an order which "involves a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court's rulings on Defendants' Motion to Dismiss (Minute Entry dated Nov. 5, 2019) and Plaintiff's Motion to Reconsider (Minute Entry dated Feb. 8, 2021) present controlling questions of law relating to the Title IX pleading standard and related scope of discovery, as well as the requirements of constitutional due process in university sexual assault disciplinary proceedings, about which there is substantial ground for difference of opinion given evolving guidance from circuit courts and the U.S. Department of Education. Specifically:

(1) whether a Plaintiff who pleads a Title IX claim under separate theories (here, "erroneous outcome" and "selective enforcement") is entitled to discovery as to each theory individually (based on whether Plaintiff has stated a claim for relief as to that theory), or rather to discovery as to a general claim for "gender bias"; and

(2) whether a university's alleged failure to provide an opportunity for live attorney cross-examination in a sexual assault disciplinary proceeding is a fact sufficient to state a claim for relief for a violation of constitutional due process (here, pursuant to 42 U.S.C. § 1983).

Further, these issues affect the claims and scope of discovery in this case, and their resolution would thus materially advance the litigation. The Court therefore certifies the following two prior rulings for interlocutory appeal under 28 U.S.C. § 1292(b):

(1) Minute Entry for proceedings held before Judge Keith P Ellison. MOTION HEARING held on 11/5/2019. 47 Motion to Dismiss Plaintiffs Second Amended Complaint is DENIED IN PART as to Plaintiffs Title IX selective enforcement claim and is GRANTED IN PART as to all other claims.

(2) Minute Entry for proceedings held before Judge Keith P Ellison. MOTION HEARING held on 2/8/2021. For the reasons stated on the record, 91 Motion for Reconsideration is DENIED. It is so ordered.

Further proceedings in this case are hereby **STAYED**, pending resolution of Plaintiff's interlocutory appeal.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on March 3, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE