IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUSTIN VAN OVERDAM, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 4:18-cv-02011 |
| § | |
| TEXAS A&M UNIVERSITY, *et al.*, § | |
| Defendants. § | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR RECONSIDERATION

### ISSUES PRESENTED AND SUMMARY OF THE ARGUMENT

The question here is whether Austin Van Overdam's Title IX selective enforcement claim against Texas A&M University and other related Defendants (collectively, "Texas A&M") survives the Fifth Circuit's August 2022 decision in this case. It does not.

Critically, the Fifth Circuit found that selective enforcement and erroneous outcome are not discrete categories of Title IX liability in the university discipline context. Rather, these are merely "different fact patterns that could very well state a claim of sex discrimination under Title IX."[1] The Court explained that, regardless of the theory involved, the ultimate question remains the same: Did the plaintiff plead a plausible claim of Title IX discrimination "on the basis of sex"?[2] The Fifth Circuit analyzed Van Overdam's Title IX allegations and found them insufficient: "[W]e conclude that Van Overdam fails to raise a plausible inference that Texas A&M discriminated against him on the basis of sex."[3]

---

[1] *Overdam v. Tex. A&M Univ.*, 43 F.4th 522, 528 (5th Cir. 2022).
[2] *Id.* at 528.
[3] *Id.* at 528–29.

1

Due to the Fifth Circuit's decision, this Court should reconsider its November 5, 2019 finding that Van Overdam pled a plausible selective enforcement Title IX claim, find that Van Overdam's Title IX claim is insufficiently pled, and dismiss his suit accordingly.[4]

## NATURE AND STAGE OF THE PROCEEDING

*Van Overdam's Factual Allegations:* Van Overdam is a former Texas A&M student who the university investigated after he was reported to have engaged in sexual misconduct with another student.[5] Texas A&M ultimately found Van Overdam responsible for one charge of sexual abuse for nonconsensual anal sex[6] and suspended him for one semester.[7] Van Overdam went on to graduate from Texas A&M in 2019.[8]

Van Overdam sued Texas A&M over the incident.[9] Relevant here, he claims that Texas A&M subjected him to an erroneous outcome and selective enforcement and thereby discriminated against him due to his sex in violation of Title IX.[10] While Van Overdam listed these two theories of Title IX liability as separate causes of action,[11] he later admitted that he "alleged virtually the same set of facts to support his claim of sex bias under both theories."[12]

*Texas A&M's Motion to Dismiss and Certification to the Fifth Circuit:* Texas A&M moved to dismiss Van Overdam's Title IX claims as insufficiently pled.[13] In deciding the motion, this Court treated Van Overdam's erroneous outcome and selective enforcement theories of liability as distinct claims.[14] On

---

[4] The Fifth Circuit also affirmed the dismissal of Van Overdam's due process claims. *See id.* at 530. His due process claims are not at issue in this motion.
[5] *See generally* ECF 42, ¶¶ 12–38. For a more detailed recounting of the background facts, see *Overdam*, 43 F.4th at 525–26.
[6] ECF 42, ¶ 18.
[7] *Overdam*, 43 F.4th at 526.
[8] *Id.*
[9] *See* ECF 1.
[10] *See* ECF 42, ¶¶ 23–38.
[11] *Id.*
[12] ECF 91, 5 (citing ECF 42, ¶¶ 12–38).
[13] *See* ECF 47.
[14] *See* ECF 91-1, 13:19–20.

November 5, 2019, this Court found that Van Overdam did not plead a viable erroneous outcome claim, but he pled just "barely" enough to send his selective enforcement to discovery.[15]

Van Overdam moved to certify the matter for appeal. This Court granted Van Overdam's motion and certified the Title IX question as follows: "whether a Plaintiff who pleads a Title IX claim under separate theories . . . is entitled to discovery as to each theory individually . . . , or rather to discovery as to a general claim for 'gender bias.'"[16]

*The Fifth Circuit's Decision:* The Fifth Circuit phrased the controlling legal question differently than this Court: "[W]hat is the proper pleading standard for a Title IX claim challenging a university's disciplinary proceeding?"[17] Per the Fifth Circuit, there were two potential frameworks for analyzing this issue. The *Yusuf* framework identifies four theories of liability—(1) erroneous outcome, (2) selective enforcement, (3) archaic assumptions, and (4) deliberate indifference—and analyzes whether the plaintiff's claims fall within one or more of these categories.[18] Under the *Purdue* framework, the Title IX analysis is not tethered to any "superimpose[d] doctrinal tests."[19] Rather, a *Purdue* analysis focuses on the "critical question" of whether "the university discriminated against the plaintiff on the basis of sex."[20]

The Fifth Circuit found "no meaningful tension" between these two frameworks.[21] The Court found that *Purdue* correctly focused on the ultimate question in such Title IX cases—did the university "discriminat[e] on the basis of sex?"[22] Yet *Yusuf* is "likewise correct that there are different fact patterns that could very well state a claim of sex discrimination under Title IX."[23]

---

[15] *Id.* at 14:10–16, 42:25–44:1.
[16] ECF 119, 2.
[17] *Overdam*, 43 F.4th at 526 (noting that the Fifth Circuit's jurisdiction is not confined to the precise question certified by the lower court).
[18] *Id.* at 527.
[19] *Id.* (quoting *Doe v. Purdue University*, 928 F.3d 652, 667 (7th Cir. 2019)).
[20] *Id.* (brackets omitted) (quoting *Purdue University*, 928 F.3d at 667–68)).
[21] *Id.*
[22] *Id.* at 528.
[23] *Id.*

The Fifth Circuit reviewed Van Overdam's Title IX allegations and found them insufficient when analyzed under the proper pleading standard:

> [W]e apply here the following standard, consistent with *Purdue* and *Yusuf*: Do the alleged facts, if true, raise a plausible inference that Texas A&M or its administrators discriminated against Van Overdam on the basis of sex? *We find they do not*.[24]

The Court reiterated this point later in its decision: "In sum, we conclude that Van Overdam *fails to raise a plausible inference that Texas A&M discriminated against him on the basis of sex*."[25] While the Fifth Circuit affirmed this Court's ruling on Texas A&M's motion to dismiss,[26] the Fifth Circuit's analysis and holding show that Van Overdam failed to plead a plausible claim that he was discriminated on the basis of his sex.[27] Thus, his Title IX claim should be dismissed.[28]

### STANDARDS OF REVIEW

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim."[29] To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[30]

A motion to reconsider an interlocutory order is generally analyzed under Fed. R. Civ. P. 54(b).[31] A court has "broad discretion" to reexamine its prior nondispositive orders "at any time."[32] While a motion to reconsider "may not be used to rehash rejected arguments or introduce new arguments,"[33] "[a] new precedent is not a new argument; it is new support for an existing argument."[34]

---

[24] *Id.* (emphasis added).
[25] *Id.* at 528–29 (emphasis added).
[26] *Id.* at 530.
[27] *See id.* at 526–29.
[28] Van Overdam petitioned the Fifth Circuit for rehearing en banc. On January 12, 2023, the Fifth Circuit denied this petition. *See* Ex. A.
[29] *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[31] *Fonda v. Retting*, No. 4:22-CV-00501, 2022 WL 3703181, at *1 (S.D. Tex. Feb. 28, 2022).
[32] *Id.*
[33] *LeClerc v. Webb*, 419 F.3d 409, 412 n.13 (5th Cir. 2005).
[34] *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022).

Indeed, "an intervening change in controlling law [that] alters the appropriate outcome" is a "[c]lassic reason[] for granting reconsideration."[35]

## ARGUMENT

The Fifth Circuit found that Van Overdam's Title IX selective enforcement and erroneous outcome claims turn on the same ultimate question: "Do the alleged facts, if true, raise a plausible inference that Texas A&M or its administrators discriminated against Van Overdam on the basis of sex."[36] The Court found "they do not," and concluded that "Van Overdam fail[ed] to raise a plausible inference that Texas A&M discriminated against him on the basis of sex."[37] The natural result of this ruling is that Van Overdam's Title IX claim should be dismissed. This point is further supported by Van Overdam's own admission that he "alleged virtually the same set of facts to support his claim of sex bias under both [selective enforcement and erroneous outcome] theories."[38]

## CONCLUSION

For the reasons above, Texas A&M asks this Court to: (1) grant its Motion for Judgment on the Pleadings and Motion for Reconsideration; (2) find that Van Overdam failed to plead a plausible Title IX claim against Texas A&M and the other Defendants; and (3) dismiss this suit with prejudice.

Dated: May 16, 2023                     Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

---

[35] *Fonda*, 2022 WL 3703181, at *1.
[36] *Overdam*, 43 F.4th at 528.
[37] *Id.* at 528–29.
[38] ECF 91, 5.

                    CHRISTOPHER D. HILTON
                    Chief, General Litigation Division

                    */s/ Todd Dickerson*
                    Attorney-in-charge
                    Texas Bar No. 24118368
                    Southern District ID No. 3544329
                    Office of the Attorney General
                    P.O. Box 12548, Capitol Station
                    Austin, Texas 78711-2548
                    (512) 463-2120 |Fax: (512) 320-0667
                    Todd.Dickerson@oag.texas.gov
                    **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

                    */s/ Todd Dickerson*
                    Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 16, 2023, I conferred with Plaintiff's counsel, Gaines West, about the substance of these motions and the relief requested herein. The parties were not able to agree on the matter. Specifically, Mr. West advised that he disagreed with these motions on grounds that he believed that the Fifth Circuit's August 2022 decision does not require this Court to reconsider its 2019 decision regarding Van Overdam's selective enforcement claim.

                    */s/ Todd Dickerson*
                    Assistant Attorney General