**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AUSTIN VAN OVERDAM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 4:18-cv-02011 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al.*, | § | |
| Defendants. | § | |

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON
THE PLEADINGS AND MOTION FOR RECONSIDERATION**

---

JOHN SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

TODD A. DICKERSON
Attorney-in-Charge
Texas Bar No. 24118368
Todd.Dickerson@oag.texas.gov
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

**COUNSEL FOR DEFENDANTS**

Austin Van Overdam's response to Texas A&M University's motion to reconsider and motion for judgment on the pleadings is fatally flawed. Five main reasons support this conclusion.

## I.      Reason #1: Van Overdam's Arguments are Contradicted by His Prior Statements to this Court and the Fifth Circuit.

Van Overdam's overarching argument is that his Title IX claim based on erroneous outcome and selective enforcement theories are actually two distinct claims grounded on wholly separate facts.[1] This can't be reconciled with how he previously characterized his Title IX claim.

For instance, in an earlier motion to this Court, Van Overdam emphasized that his erroneous outcome and selective enforcement theories were based on "virtually the same set of facts":

> Plaintiff alleged a Title IX claim in his Second Amended Complaint and outlined two theories of liability based on the erroneous outcome and selective enforcement doctrinal theories that have been articulated in case law analyzing Title IX claims. While Plaintiff alleged the two theories separately to satisfy his burden to provide a short and plain statement of a plausible claim for relief under Title IX, *Plaintiff also alleged virtually the same set of facts in support his claim of sex bias under both theories.*[2]

Van Overdam made similar statements to the Fifth Circuit. In his appellate brief, he noted that "[i]t makes little sense to chop up [his] Title IX cause of action into separate claims," as "the discriminatory acts were committed by the same actors in the same general transaction of events."[3] Thus, Van Overdam lobbied the Fifth Circuit to treat his Title IX claim "as one broad claim"[4] and not two claims based on independent theories of liability. Further, while he now says certain allegations are exclusive to his selective enforcement theory, he cited these same facts in his Fifth Circuit brief to support his erroneous outcome theory.[5] Van Overdam even chastised this Court for "wrongly conclud[ing] that the four general theories of liability under Title IX . . . are discrete claims that must be separately

---

[1] *See* ECF 144, 2–4.
[2] ECF 91, 5 (citations omitted) (emphasis added).
[3] Ex. A, 31.
[4] *Id.*
[5] *Compare id.* at 34–35, *with* ECF 144, 4.

2

pleaded and proven."[6] Given his prior statements, Van Overdam cannot plausibly contend that his selective enforcement and erroneous outcome theories of liability are distinct claims based on distinct facts.

## II.   Reason #2: Van Overdam's Arguments are Irreconcilable with the Fifth Circuit's Decision in this Case.

Per the Fifth Circuit, the ultimate issue here is whether "Texas A&M discriminated against [Van Overdam] on the basis of sex."[7] The Fifth Circuit answered this question in Texas A&M's favor when it found that "Van Overdam fails to raise a plausible inference that Texas A&M discriminated against him on the basis of sex."[8]  Tellingly, the Fifth Circuit *could not* have reached an answer if, as Van Overdam suggests, it ignored his selective enforcement allegations. It would be like trying to solve a math problem with half the equation missing: it's impossible to do and the answer would make no sense.

Van Overdam is really contending the Fifth Circuit got its answer wrong as it supposedly overlooked his selective enforcement allegations. At this stage, Van Overdam can do no more than preserve his arguments. The Fifth Circuit will ultimately have to decide whether it missed allegations critical to his Title IX claim. This Court, of course, cannot reverse Fifth Circuit precedent.

## III.   Reason #3: The Fifth Circuit Analyzed Van Overdam's Selective Enforcement Allegations; He has No Grounds for Arguing Otherwise.

Per Van Overdam, the Fifth Circuit only considered his following Title IX allegations: (1) that Texas A&M's findings were internally inconsistent (the "internally inconsistent allegations"); (2) those relating to Texas A&M informing the alleged victim (Shaw) that she need not have an attorney present at the disciplinary hearing (the "Shaw attorney allegations"); and (3) that Texas A&M's disciplinary panel excluded evidence of Shaw's prior sexual history and mental health (the "excluded evidence

---

[6] Ex. A, 20.
[7] *Overdam v. Tex. A&M Univ.*, 43 F.4th 522, 528–29 (5th Cir. 2022).
[8] *Id.*

allegations").[9] Van Overdam argued that he "only" pleaded these allegations "under the erroneous outcome framework."[10] And he theorized that the Fifth Circuit's focus on these points reveals that the Court did not intend to reach his selective enforcement claim.[11]

Contrary to what he now argues, Van Overdam admitted in his Fifth Circuit brief that the "Shaw attorney allegations" support his selective enforcement theory: "Van Overdam agrees that [the Shaw attorney allegations] support the selective enforcement theory of his claim under Title IX . . . ."[12] And he specifically pled the "internally inconsistent" and "excluded evidence" allegations in the selective enforcement section of his second amended complaint.[13] Thus, it simply isn't true that the Fifth Circuit *only* considered his erroneous outcome allegations.

Relatedly, Van Overdam also argued that the Fifth Circuit did not consider his allegation that Texas A&M "stigmatiz[ed] [him] as the accused while viewing Shaw as the 'victim' and discount[ed] [his] testimony as the accused while deeming Shaw's testimony more reliable without reason or explanation."[14] This too is incorrect.

Through this allegation, Van Overdam is trying to prove discriminatory bias because Texas A&M supposedly treated him (the alleged perpetrator) differently than Shaw (the alleged victim). The Fifth Circuit addressed (and rejected) Van Overdam's core point—that differential treatment of the perpetrator and victim can show sex bias—in the context of his "Shaw attorney allegations":

---

[9] ECF 144, 3.
[10] *Id.*
[11] *Id.* at 2–3.
[12] Ex. A, 49.
[13] ECF 42, ¶ 35. The "internal inconsistency allegations" can be found in Van Overdam's following statement: "Even considering Shaw's voluntary decision to complete Act 3 . . . with Van Overdam and how it was juxtaposed with Act 2 . . . , which she purported was nonconsensual, the Texas A&M University administrative hearing panel inexplicably found Van Overdam responsible." *Id.* The "excluded evidence allegations" are reflected in the following statement: "As described more fully *infra*, Van Overdam was stigmatized as a result of being accused of sexual misconduct while Shaw was viewed as a 'victim' . . . ." *Id.* This statement appears to refer to Van Overdam's prior allegations concerning the supposed unfairness of his disciplinary process, which would include his allegations about certain evidence concerning Shaw being excluded from the hearing. *See id.* at ¶ 29; *see also* ECF 144, 4 (citing paragraph 29 of his second amended complaint as one of the few paragraphs supposedly containing his selective enforcement allegations).
[14] ECF 144, 4.

> Van Overdam's other arguments fare no better. He repeatedly claims that bias can be inferred from the University's informing Shaw that she would not need to have an attorney present at the disciplinary hearing, because it failed to make a similar representation to Van Overdam. *But Shaw was not accused of violating the University's policies—only Van Overdam was.*[15]

The message is clear: Van Overdam can't prove his Title IX claim by alleging he was treated differently than Shaw.

## IV. Reason #4: Van Overdam's Argument Based on His "Similarly Situated" Allegation is Factually Inaccurate and Legally Meritless.

Van Overdam contended the Fifth Circuit ignored his allegation that "Texas A&M treated [him] more harshly than a similarly situated female in another disciplinary proceeding when Texas A&M declined to suspend that female student despite finding her responsible for sexual misconduct."[16] His argument is factually inaccurate as judicially-noticeable documents (which he also incorporated into his second amended complaint) contradict his allegation. And it is legally meritless as it doesn't change the fact that this Court cannot overturn Fifth Circuit precedent.

The relevant allegation is from paragraph 34 of the second amended complaint, which states that "another Texas A&M University administrative hearing panel found a female student responsible for some of the allegations in a complaint against her, but that female student received no sanctions."[17] This allegation stems from a reported story concerning a federal complaint a different student ("John Doe") filed against Texas A&M and its administrators.[18] Curiously, Van Overdam did not cite John

---

[15] *Overdam*, 43 F.4th 522 at 528 (emphasis added).

[16] ECF 144, 4 (citing ECF 42, ¶¶ 34–35).

[17] ECF 42, ¶ 34.

[18] *See id.* at n.12; *id.* at ¶ 28, n.10; Rusty Surette, *Former Student Files Title IX Lawsuit Against Texas A&M*, KBTX (Aug. 15, 2017, 5:21 PM), https://tinyurl.com/267brr6b. Van Overdam also cites two affidavits in his second amended complaint. ECF 42, ¶ 26 n.8. While he attached these affidavits to his first amended complaint, *see* ECF 21, 14–19, he did not attach them to his second amended complaint. Even if considered, his affidavits are clearly insufficient to establish a Title IX claim. They are wholly conclusory and devoid of any meaningful facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that "naked assertions" that are "devoid of further factual enhancement" are insufficient to plead a viable claim) (quotations omitted). And none of the affiants claim to have ever represented an accused female student in a Texas A&M disciplinary proceeding or to have otherwise participated in such a proceeding. *See* ECF 21, 14–19. Thus, they have no basis for contending that Texas A&M treats male students accused of sexual assault more harshly than female students accused of sexual assault. And their contentions are largely, if not exclusively, based on alleged differential treatment

Doe's actual complaint, even though the referenced article links to this complaint.[19] This is likely because Van Overdam ultimately did not accurately characterize John Doe's allegations, and this fact can be easily confirmed by reviewing the complaint itself.

Paragraphs 103 to 113 of John Doe's complaint contain the pertinent allegations.[20] There, John Doe described a Texas A&M sexual misconduct investigation involving an alleged female perpetrator (Jane Doe) and an alleged male victim (R.P.).[21] Van Overdam stated that Jane Doe was found to be "*responsible* for some of the allegations" against her.[22] But John Doe explicitly alleged just the opposite: "[T]he University found Jane Doe *'Not Responsible'* for any misconduct."[23] Rather, Texas A&M merely ruled that Jane Doe and R.P. were "equal[ly] responsible in their sexual conduct" and thus declined to sanction *both the male and female students*.[24] John Doe's complaint hurts, not helps, Van Overdam. It shows Texas A&M treats male and female students the same when they are found equally responsible for the sexual conduct at issue.

Van Overdam's argument is also legally irrelevant. Again, the Fifth Circuit already held that he did not plead a viable Title IX claim. If the Fifth Circuit overlooked pertinent allegations, that will need to be addressed on appeal. This Court cannot overturn the Fifth Circuit's decision on this point.

## V.     Reason #5: Practical Considerations Counsel Against Van Overdam's Position.

Practical considerations support granting Texas A&M's motion. It would make little sense for the parties and this Court to endure the burdens of continued discovery and trial, only to later find out on appeal that the Fifth Circuit actually meant it when it said Van Overdam did not plead a viable

---

between perpetrators and their *victims*. *See id.* As noted above, the Fifth Circuit found that such allegations do not support a Title IX claim.

[19] Surette, *supra* note 18. John Doe's complaint is accessible via the link at the bottom of the article titled "Lawsuit filed Title IX.pdf." This complaint is also publicly available on Pacer, and we attach it as Exhibit B for the Court's convenience.

[20] Ex. B, ¶¶ 103–13.

[21] *Id.*

[22] ECF 42, ¶ 34 (emphasis added).

[23] Ex. B, ¶ 110 (emphasis added).

[24] *See id.* (noting that "no sanctions were imposed" as a result of this incident).

Title IX claim. After dismissal, Van Overdam can appeal to the Fifth Circuit again, which is best suited to interpret its prior opinion and resolve any lingering doubts on whether he still has a live case.

For similar reasons, if this Court denies the instant motion, Texas A&M respectfully asks the Court to certify the following question for appeal: Do the alleged facts, if true, raise a plausible inference that Texas A&M or its administrators discriminated against Van Overdam on the basis of sex? Highlighting the absurdity of Van Overdam's position, the question that would need to be certified is the *exact* question the Fifth Circuit already asked and answered:

> [W]e apply here the following standard, consistent with *Purdue* and *Yusuf*: Do the alleged facts, if true, raise a plausible inference that Texas A&M or its administrators discriminated against Van Overdam on the basis of sex? *We find they do not.*[25]

This Court should follow the Fifth Circuit's holding, grant Texas A&M's motion, and dismiss Van Overdam's Title IX claim as inadequately pled.

Dated: June 12, 2023

Respectfully submitted.

JOHN SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

*/s/ Todd Dickerson*
Attorney-in-charge
Texas Bar No. 24118368
Southern District ID No. 3544329

---

[25] *Overdam*, 43 F.4th at 528 (emphasis added).

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
Todd.Dickerson@oag.texas.gov
**COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Todd Dickerson*
Assistant Attorney General