### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN VAN OVERDAM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:18–CV–02011** |
| | § | |
| **TEXAS A&M UNIVERSITY,** | § | |
| *Defendant,* | § | |

---

### PLAINTIFF AUSTIN VAN OVERDAM'S MOTION TO COMPEL DISCOVERY

---

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852 / SDTX No. 1421393
Email ~ jay.rudinger@westwebblaw.com
**ATTORNEY-IN-CHARGE**
Hanna Lee
Email ~ hanna.lee@westwebblaw.com
State Bar No. 24122232 / SDTX No. 3839446
GAINES WEST
State Bar No. 21197500 / SDTX No. 5327
Email ~ gaines.west@westwebblaw.com

### ATTORNEYS FOR PLAINTIFF

# TABLE OF CONTENTS

TABLE OF CONTENTS .........................................................................................................ii

TABLE OF AUTHORITIES ...............................................................................................iii

I.     INTRODUCTION ....................................................................................................1

II.    FACTUAL BACKGROUND ...................................................................................2

III.   ARGUMENTS AND AUTHORITIES......................................................................4

       A.  Legal Standard ................................................................................................4

       B.  Defendant must produce discovery on the twenty Title IX cases regarding
           (1) complaints filed by students, (2) Defendant's internal reports, (3)
           investigation reports, (4) documents and communications related to the
           Defendant's decision about whether to (a) investigate, (b) charge, or (c)
           sanction a student. .........................................................................................6

           i.    The scope of discovery is appropriate, and Defendant has no
                 substantial burden with respect to producing documents. ................6

           ii.   Defendant has no special burden associated with this production,
                 and the requests are proportional to the needs of the case. ...............7

           iii.  The discovery sought is not unreasonably duplicative or
                 cumulative. .......................................................................................8

IV.    REQUEST FOR ATTORNEY'S FEES ..................................................................10

V.     CONCLUSION........................................................................................................11

CERTIFICATE OF CONFERENCE...................................................................................13

CERTIFICATE OF SERVICE ...........................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Burns v. Thiokol Chem. Corp.*,
   483 F.2d 300, 304 (5th Cir. 1973) ............................................................4

*Cardenas v. Dorel Juvenile Group, Inc.*,
   D. Kan. 2005, 232 F.R.D. 377 ..................................................................5

*Carr v. State Farm Mut. Auto. Ins. Co.*,
   312 F.R.D. 459, 468 (N.D. Tex. 2015) ......................................................5

*Doe v. Amherst Coll.*,
   238 F. Supp. 3d 195, 223 (D. Mass. 2017) ...............................................6

*Doe v. Brown Univ.*,
   327 F. Supp. 3d 397, 413 n.11 (D.R.I. 2018) ............................................6

*Doe v. Columbia Univ.*,
   831 F.3d 46, 57 (2d Cir. 2016)..................................................................6

*Flexiteek Ams., Inc. v. Tek-Dek, LTD.*,
   2015 WL 11123312, at *1 (S.D. Fla. Mar. 6, 2015)..................................9

*Kimmy v. Select Portfolio Servs.*,
   2015 WL 7871044, at *2 (S.D. Tex. Dec. 3, 2015) ...................................4

*Klocke v. Univ. of Texas at Arlington*,
   938 F.3d 204, 213 (5th Cir. 2019) .........................................................6, 8

*Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles*,
   894 F. 2d 1482, 1485 (5th Cir. 1990) .......................................................5

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 467, 470-71 (N.D. Tex. 2005) ................................................4

*Rangel v. Gonzalez Mascorro*,
   274 F.R.D. 585, 590 (S.D. Tex 2011)........................................................4

*Yusef v. Vassar Coll.*,
   35 F.3d 709, 715-16 (2d Cir. 1994) .......................................................6, 8

**RULES**

FED. R. CIV. P. 26 ....................................................................................................4

FED. R. CIV. P. 26(b)(1) ........................................................................................4, 5

FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv) .......................................................................10

FED. R. CIV. P. 37(a)(3)(B)(iv) ................................................................................5

FED. R. CIV. P. 37(a)(5) .....................................................................................10, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN VAN OVERDAM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:18–CV–02011** |
| | § | |
| **TEXAS A&M UNIVERSITY,** | § | |
| *Defendant,* | § | |

**PLAINTIFF AUSTIN VAN OVERDAM'S MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Austin Van Overdam ("Plaintiff" or "Van Overdam") and respectfully asks this Court to compel Defendant Texas A&M University ("Defendant") to produce certain discovery, and to award Plaintiffs attorney's fees and costs. In support, Plaintiff would show as follows:

## I.      INTRODUCTION

Plaintiff files this motion to compel Defendant's production of documents related to student Title IX complaints, internal reports, and related documents for twenty Title IX cases identified in Defendant's spreadsheet summarizing information regarding Title IX complaints and investigations. The documents Plaintiff seeks are neither overly broad nor unduly burdensome for Defendant to produce, as Defendant has admitted it has such documents in its possession. Moreover, the requested documents are necessary for Plaintiff to proceed with his Title IX selective enforcement claim against Defendant. Due to Defendant's unwarranted refusal to produce the requested documents, in violation of the rules governing discovery, Plaintiff must now ask the Court for relief to compel Defendant to produce these relevant and necessary documents.

1

## II.    <u>FACTUAL BACKGROUND</u>

1.      On October 27, 2020, Plaintiff served his Second Set of Requests for Production on Defendant via email.[1]

2.      On December 3, 2020, Defendant served its Objections and Responses to Plaintiff's Second Set of Requests for Production via email.[2]

3.      On September 28, 2023, Defendant produced an unlocked version of the excel spreadsheet titled RFP 31-TIX 2014 to Present (the "Spreadsheet").

4.      On September 28, 2023, Plaintiff's counsel sent Defendant's counsel a letter requesting Defendant supplement its document production with documents responsive to Requests for Production No. 31, 33, 35, and 36.[3] Plaintiff specifically requested documents related to twenty-five Title IX investigations based on the information Defendant provided in the Spreadsheet. Importantly, Plaintiff selected just twenty-five cases out of over seven hundred Title IX cases identified in the Spreadsheet.

5.      On October 13, 2023, Defendant's counsel sent Plaintiff a letter containing Defendant's objections and responses to Plaintiff's discovery request.[4] In his letter, Defendant's counsel asserted boilerplate objections to Plaintiff's production requests and failed to produce the requested documents for twenty-two of the twenty-five Title IX cases Plaintiff identified in its letter. Defendants objected to Plaintiff's requests as "overly broad, unduly burdensome, and irrelevant." Moreover, Defendant withheld the production of documents for several Title IX cases based on its unfounded conclusion that the case did not provide an appropriate comparator.

---

[1] Attached hereto as <u>Exhibit A</u>, is a true and correct copy of Plaintiff's discovery requests.
[2] Attached hereto as <u>Exhibit B</u> is a true and correct copy of Defendant's Objections and Responses to Plaintiff's Second Set of Requests for Production.
[3] Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiff's counsel's letter.
[4] Attached hereto as <u>Exhibit D</u> is a true and correct copy of Defendant's counsel's letter.

Notably, Defendant's counsel's determination of what is, or is not, relevant is based on what he unilaterally deemed was a comparator, which is wholly irrelevant to Plaintiff's claim. Defendant's counsel's objections should be denied not only because they are inappropriate and irrelevant to Plaintiff's right to obtain the requested documents, but they also violated the Federal Rules governing discovery.

6.      On October 17, 2023, Plaintiff's counsel conferred with Defendant's counsel about Defendant's refusal to produce documents related to the Title IX cases. During this conversation, Defendant's counsel continued to assume the role of judge by asserting *his opinion* that the requested documents are not relevant to Plaintiff's Title IX selective enforcement claim.

7.      In subsequent conversations, Defendant's counsel has agreed to produce the requested documents for two of the requested cases. Consequently, Defendant's counsel has refused to produce the requested Title IX documents related to the twenty cases identified below.

8.      After unsuccessfully attempting to resolve this discovery dispute with Defendant's counsel, Plaintiff now has no other option but to file this motion seeking a Court order compelling Defendant to respond to the following requests:

> The following requests seek items responsive to RFP Nos. 31, 33, 35 and 36. Additionally, with the exception of Section 5(c) below, the following matter numbers are based on the information produced by Defendants in the Excel Spreadsheet titled RFP 31–TIX 2014 to Present List ("Doc. 31").
>
> a.  All original student complaints, communications related to student complaints, Defendants internal reports, documents, and any other communications related to the decision to investigate, charge, and/or sanction the accused party ("Respondent") identified in the student complaints. Plaintiff requests that Defendants produce the above referenced documents for the following matters:
>      i.   Line 92: 20190014
>      ii.  Line 149: 2015016803
>      iii. Line 179: 2015069703
>      iv.  Line 530: 2017072901
>      v.   Line 532: 20170733
>      vi.  Line 538: 2017075403
>      vii. Line 555: 2018023801

      viii.  Line 647: 2016074801
        ix.  Line 650: 2016076203
         x.  Line 653: 20160783
        xi.  Line 655: 2016079801
      xii.  Line 663: 2016086603
    xiii.  Line 673: 2016094303
    xiv.  Line 676: 2017000503

b.  All items identified in Section 5(a) and copies of all written correspondence to Respondents regarding or relating to hearing outcomes in the following matters:
        i.  Line 124: 2014034301
      ii.  Line 136: 2014018701
    iii.  Line 153: 2015037503
     iv.  Line 167: 2015057704
      v.  Line 192: 2015082103

c.  All items identified in Sections 5(a) and (b), and all categories of information identified in Doc. 31, for the following matters:
        i.  2019001401

## III.   <u>ARGUMENTS AND AUTHORITIES</u>

### A.   Legal Standard

9.     The primary purpose of discovery is to "allow the parties to develop fully and crystallize concise factual issues at trial." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 26. According to Rule 26, "[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* at 26(b)(1). In addition, there is a "presumption in favor of broad discovery," and the burden rests on the party resisting discovery to overcome this presumption. *Kimmy v. Select Portfolio Servs.*, 2015 WL 7871044, at *2 (S.D. Tex. Dec. 3, 2015) (citing *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 470-71 (N.D. Tex. 2005)). "Where relevance is in doubt, the court should be permissive in allowing discovery." *Id.* (citing *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex 2011) ("The threshold for relevance at the discovery stage is lower than at the trial stage.")).

10.    "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party "fails to produce documents or fails to respond that inspection will be permitted…as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(b)(iv). On a motion to compel, "a party seeking to resist discovery….bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address…the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). The party seeking discovery may have to oppose this showing, but "the basic allocation of the burden" remains "on the party resisting discovery to…specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." *Id*. at 469 (citing *Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F. 2d 1482, 1485 (5th Cir. 1990); *see also Cardenas v. Dorel Juvenile Group, Inc.,* D. Kan. 2005, 232 F.R.D. 377 ("The party asserting an unduly burdensome objection to a discovery request has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."). The resisting party must then "show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Carr,* 312 F.R.D. at 463.

**B.    Defendant must produce discovery on the twenty Title IX cases regarding (1) complaints filed by students, (2) Defendant's internal reports, (3) investigation reports, (4) documents and communications related to the Defendant's decision about whether to (a) investigate, (b) charge, or (c) sanction a student.**

    i.   *The scope of discovery is appropriate, and Defendant has no substantial burden with respect to producing documents.*

    11.    Courts have frequently acknowledged that information regarding the complaints filed by students is relevant to selective enforcement claims. *See Klocke v. Univ. of Texas at Arlington*, 938 F.3d 204, 213 (5th Cir. 2019) (noting that "similarly situated female students were treated more favorably than" males and that "systematic gender bias" on campus affected the decision to investigate or the severity of sanctions is relevant for claim of selective enforcement); *Doe v. Amherst Coll.,* 238 F. Supp. 3d 195, 223 (D. Mass. 2017) (noting that university's encouragement of female student to file a complaint but, upon receiving actional information from a male student, that university "did not encourage him to file a complaint, consider the information, or otherwise investigate" are relevant for claim of selective enforcement); *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 413 n.11 (D.R.I. 2018) ("[t]hat a male victim's complaint was not investigated while a female non-victim's was" is relevant for claim of enforcement); *Doe v. Columbia Univ.,* 831 F.3d 46, 57 (2d Cir. 2016) (that a university "administration was cognizant of, and sensitive to," criticism from the "student body" and "public media" "accusing the [u]niversity of taking seriously complaints of female students alleging sexual assault by male students," is relevant for claim of selective enforcement); *Yusef v. Vassar Coll.*, 35 F.3d 709, 715-16 (2d Cir. 1994) (noting that "severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender" is relevant for claim of selective enforcement).

    12.    Plaintiff's Title IX selective enforcement claim relates to Defendant's decisions to investigate, charge, or sanction a respondent in Title IX cases similarly situated to Plaintiff's.

Because the complaints filed by students are relevant to Defendant's decisions to either investigate or charge a student, these documents are necessary for Plaintiff to be able to completely investigate Plaintiff's selective enforcement claim. In addition, Defendant's witnesses have admitted that Defendant possesses the documents Plaintiff seeks,[5] which were maintained in both hard copy and electronic format and presented to investigators prior to initiating an investigation. Moreover, Plaintiff's request for documents related to just twenty Title IX cases, all of which are related to Plaintiff's claim.

13.     Defendant cannot rest on objections based on what Defendant's counsel subjectively believes constitutes comparator evidence while simultaneously ignoring the correct standard for the scope of discovery, which is broad and requires the production of documents calculated to lead to the discovery of admissible evidence—i.e., Plaintiff is entitled to receive broad discovery and analyze it for comparators; Defendant is not supposed to be able to 'cherry pick' which records Plaintiff gets to review. Furthermore, Plaintiff's production requests are far from overly broad, as Plaintiff seeks documents related to just twenty Title IX cases. Accordingly, Defendant should be compelled to produce the requested documents because Defendant has no factual or legal basis for withholding these documents from Plaintiff.

### ii. *Defendant has no special burden associated with this production, and the requests are proportional to the needs of the case.*

14.     Defendant also objected to Plaintiff's discovery requests on the grounds that producing the requested documents would be "unduly burdensome" and take a "significant effort to compile."[6] However, Defendant has already agreed to produce documents related to three Title IX cases dating as far back as 2015. In addition, there is no question that Defendant is in possession

---

[5] Exhibit E at 55:20-56:25; Exhibit F at 94:3-13; 127:1-16.
[6] *See* Exhibit D

of the documents sought by Plaintiff, which Defendant admits, and Defendant has admitted that it has either gathered or identified responsive documents.[7] As such, there is no reason to believe that production of the remaining twenty Title IX cases would be so unreasonably burdensome for Defendant as to outweigh Plaintiff's proportional need for this discovery.

15.     As demonstrated above, student complaints are directly relevant to a Title IX selective enforcement claim for a university's discrimination in the decision to investigate or charge a student for misconduct. *See Klocke*, 938 F.3d at 213; *Yusef*, 35 F.3d at 715-16. As such, the requested documents are relevant to Plaintiff's Title IX selective enforcement claim. Accordingly, Plaintiff's discovery requests are proportional to the needs of this case, and Defendant should be compelled to produce responsive documents.

   iii. ***The discovery sought is not unreasonably duplicative or cumulative.***

16.     Plaintiff previously moved to compel discovery from Defendant, which this Court granted in part and denied in part.[8] As is relevant here, the Court denied Plaintiff's motion to compel Defendant's production of the underlying documents for <u>all of the Title IX</u> cases identified in the Spreadsheet.[9] In its order, the Court found that "Plaintiff's request for all of the underlying source documents…is duplicative of the information contained in the spreadsheets summarizing and cataloguing those same reports."[10] Now, Plaintiff brings this Motion to Compel because Plaintiff has discovered the Spreadsheet does not contain all of the relevant information that the source documents contain. Moreover, Plaintiff has reason to question the accuracy of the information contained in the Spreadsheet.

---

[7] *See* <u>Exhibit E</u> at 55:20-56:25 (noting that complaints are received in hard copy by investigators); <u>Exhibit F</u> at 94:3-13; 127:1-16; 205:3-11 (noting that complaints are retained electronically and gender of complainant is recorded).
[8] Dkt. No. 103.
[9] Dkt. No. 103; Dkt. No. 110.
[10] Dkt. No. 110.

17.     As previously mentioned, Plaintiff's discovery requests are limited to just twenty Title IX cases out of the Spreadsheet containing information on over seven hundred cases. In addition, the Spreadsheet does not include information on the allegations contained in the initial complaints, which go directly to Plaintiff's selective enforcement claim targeting Defendant's decisions to investigate and charge students. Furthermore, Plaintiff has legitimate concerns about the accuracy of the information contained in the Spreadsheet. *Flexiteek Ams., Inc. v. Tek-Dek, LTD.*, 2015 WL 11123312, at *1 (S.D. Fla. Mar. 6, 2015) (plaintiffs were entitled to discovery of additional source documents to fill in gaps in financial information, where defendant had already provided some source documents and plaintiffs had identified discrepancies within the materials produced).

18.     While discussing upcoming 30(b)(6) depositions, Defendant's counsel informed Plaintiff's counsel that he had identified inaccuracies between the data in the Spreadsheet and the documents contained in Title IX case files. Additionally, Defendant's objections to Plaintiff's discovery requests do not comport with the information in the Spreadsheet. For example, Plaintiff requested documents related to Line 92 in the Spreadsheet, which contains the following relevant information:



According to the Spreadsheet, Case No. 20190014 was filed by a male complainant against a female respondent. Yet, Defendant objected to this request, claiming that "[o]nly female respondents can serve as comparators in this context and there is *no indication from the spreadsheet suggesting that the respondent in this case was a female*" (emphasis added).

Similarly, Plaintiff requested documents for Line 538 in the Spreadsheet, which contains the following:



Again, the Spreadsheet shows that Case No. 2017075403 was a complaint filed by a male complainant against a female respondent. However, Defendant's counsel objected to this request as well, claiming that "[o]nly female respondents can serve as comparators in this context, and *the respondent in this case is male*" (emphasis added). It is evident that either the Spreadsheet is inaccurate or Defendant's counsel based his objections on inaccurate information. However, at this time, Plaintiff has no way of determining the accuracy of the Spreadsheet due to Defendant's conduct.

19.     Based on the above, Plaintiff has legitimate concerns related to the accuracy of the information contained in the Spreadsheet, and at a minimum, Plaintiff should have an opportunity to review the requested documents for the twenty Title IX cases. For these reasons, Plaintiff's discovery requests are not unreasonably duplicative or cumulative, and Defendant should be compelled to produce the requested documents.

## IV.     <u>REQUEST FOR ATTORNEY'S FEES</u>

20.     Rule 37 enables a court to compel discovery when a party has failed to properly respond pursuant to the Federal Rules of Civil Procedure 33 and 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). In addition, where a court grants a motion to compel discovery, Rule 37(a)(5) mandates the award of fees and expenses to the movant, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other

circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A). Based on Defendant's continued refusal to produce obviously relevant documents and its invalid objections, Defendant has unquestionably impeded, delayed, and frustrated Plaintiff's ability to investigate his claim. Defendant's conduct is unjustifiable and should be sanctioned to prevent further abuses of the discovery process.

21.     For these reasons, Plaintiff requests that the Court compel Defendant to produce the discovery identified herein, and Plaintiff asks that the Court award Plaintiff his attorney's fees and costs associated with filing this Motion to Compel.

## **CONCLUSION**

Accordingly, for the reasons cited herein, Plaintiff Austin Van Overdam respectfully requests that the Court compel Defendant Texas A&M University to produce the documents responsive to Plaintiff's discovery requests as set forth herein. Specifically, the Court should compel the production of all Defendant's documents containing or constituting the following:

- All original student complaints, communications related to student complaints, Defendants internal reports, documents, and any other communications related to the decision to investigate, charge, and/or sanction the accused party identified in the student complaints for the following matters:

    - Line 92: 20190014
    - Line 149: 2015016803
    - Line 179: 2015069703
    - Line 530: 2017072901
    - Line 532: 20170733
    - Line 538: 2017075403
    - Line 555: 2018023801
    - Line 647: 2016074801
    - Line 650: 2016076203
    - Line 653: 20160783
    - Line 655: 2016079801
    - Line 663: 2016086603
    - Line 673: 2016094303
    - Line 676: 2017000503
    - Line 692: 2017032204

- All items identified above, and all written correspondence regarding or related to the following matters:

    - Line 124: 2014034301
    - Line 136: 2014018701
    - Line 153: 2015037503
    - Line 167: 2015057704
    - Line 192: 2015082103

- All items identified above, and all categories of information identified in Defendant's spreadsheet, Doc. 31, for Title IX Case No. 2019001402.

Furthermore, Plaintiff prays that the Court award him his attorney's fees and costs against Defendant for the filing of this Motion to Compel. Finally, Plaintiff also requests all other and further relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

By:     */s/ Jay Rudinger*
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852 / SDTX NO. 1421393
Email ~ jay.rudinger@westwebblaw.com
**ATTORNEY-IN-CHARGE**
HANNA LEE
Email ~ hanna.lee@westwebblaw.com
State Bar No. 24122232 / SDTX 3839446
GAINES WEST
State Bar No. 21197500 / SDTX No. 5327
Email ~ gaines.west@westwebblaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division on November 1, 2023, and therefore has been served upon all counsel of record in accordance with such e-filing protocols.

*/s/ Jay Rudinger*
JOHN "JAY" RUDINGER

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff conferred with Defendant's counsel about the merits of this motion and the discovery requests contained herein on October 17, 2023, and on October 31, 2023, but the parties were unable to reach an accord regarding Plaintiff's Motion to Compel or the relief sought, which makes this motion necessary. Defendant's counsel has stated that he opposes this Motion to Compel.

*/s/ Jay Rudinger*
JOHN "JAY" RUDINGER