# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN VAN OVERDAM,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | **CASE NO. 4:18-CV-02011** |
| | § | |
| **TEXAS A&M UNIVERSITY,** *et al.* | § | |
| *Defendant* | § | |

## PLAINTIFF AUSTIN VAN OVERDAM'S
## AMENDED MOTION TO ALTER OR AMEND JUDGMENT

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852 / SDTX No. 1421393
Email ~ jay.rudinger@westwebblaw.com
**ATTORNEY-IN-CHARGE**
HANNA LEE
Email ~ hanna.lee@westwebblaw.com
State Bar No. 24122232 / SDTX No. 3839446
GAINES WEST
State Bar No. 21197500 / SDTX No. 5327
Email ~ gaines.west@westwebblaw.com

**ATTORNEYS FOR PLAINTIFF**

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

SUMMARY OF THE ARGUMENT ........................................................................................ 1

ARGUMENTS AND AUTHORITIES ..................................................................................... 2

    I.   The Judgment contains manifest errors of law and fact regarding Van Overdam's constitutional standing ........................................................................................... 3

        A.   Van Overdam established constitutional standing because he sought all relief for which he was entitled, including nominal damages. ........................................... 3

        B.   Van Overdam also established his constitutional standing because he sought injunctive relief through Texas A&M's expunction of his records ......................... 5

    II.  The Judgment contains manifest errors of law with regard to the Court's application of Title VII precedent to Van Overdam's Title IX selective enforcement claim ................. 6

        A.   The Court's application of Title VII precedent to Van Overdam's Title IX selective enforcement claim is a manifest error of law ............................................. 6

        B.   By applying Title VII precedent to Van Overdam's Title IX selective enforcement claim, the Court reviewed Van Overdam's direct comparator evidence too narrowly, which constitutes a manifest error of law ........................ 8

PRAYER FOR RELIEF .......................................................................................................... 10

CERTIFICATE OF CONFERENCE ..................................................................................... 11

CERTIFICATE OF SERVICE ............................................................................................... 11

Case 4:18-cv-02011   Document 175   Filed on 02/07/24 in TXSD   Page 3 of 15

# TABLE OF AUTHORITIES

**CASES**

*Arceneaux v. Assumption Par. Sch. Bd.*,
    733 Fed. Appx. 175 (5th Cir. 2018) ................................................................................... 6

*Baker v. Randstad N. Am., L.P.*,
    151 Fed. Appx. 314 (5th Cir. 2005) ................................................................................... 7

*Busick v. Neal*,
    380 F. App'x 392 (5th Cir. 2010) ...................................................................................... 4

*Carey v. Piphus*,
    435 U.S. 247 (1978) ........................................................................................................... 4

*Chance v. Rice Univ.*,
    984 F.2d 151 (5th Cir. 1993) ............................................................................................. 6

*Doe v. Purdue Univ.*,
    928 F.3d 652 (7th Cir. 2019) ......................................................................................... 3, 4

*Doe v. William Marsh Rice Univ.*,
    67 F.4th 702 (5th Cir. 2023) ..................................................................................... 6, 7, 8

*Guy v. Crown Equipment Corp.*,
    394 F.3d 320 (5th Cir. 2004) ............................................................................................. 2

*James v. Byrd*,
    No. CV 20-0308, 2020 WL 1879058 (W.D. La. Apr. 1, 2020) .......................................... 4

*Jennings v. Towers Watson*,
    11 F.4th 335 (5th Cir. 2021) .............................................................................................. 2

*Klocke v. Univ. of Tex. at Arlington*,
    938 F.3d 204 (5th Cir. 2019) ......................................................................................... 7, 8

*Labouliere v. Our Lady of the Lake Found.*,
    No. CV 16-785-SDD-SDJ, 2020 WL 1435156 (M.D. La. Mar. 23, 2020) ........................ 4

*Lee v. Kan. City S. Ry. Co.*,
    574 F.3d 253 (5th Cir. 2009) ............................................................................................. 8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ....................................................................................................... 3, 5

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) .................................................................................................*passim*

*Minnesota Lawyers Mut. Ins. Co. v. Batzli*,
    442 Fed. Appx. 40 (4th Cir. 2011) ............................................................................... 4

*Neese v. Becerra*,
    640 F. Supp. 3d 668 (N.D. Tex. 2022) ......................................................................... 6

*Neutron Depot, LLC v. Bankrate, Inc.*,
    No. AU-16-CA-01170-SS, 2018 WL 6588573 (W.D. Tex. Aug. 16, 2018) ................ 4

*Rosa H. v. San Elizario Indep. Sch. Dist.*,
    106 F.3d 648 (5th Cir. 1997) ........................................................................................ 6

*Stern v. Hinds Cnty., Miss.*,
    436 Fed. Appx. 381 (5th Cir. 2011) ............................................................................. 4

*Uzuegbunam v. Preczewski*,
    141 S. Ct. 792 (2021) ................................................................................................ 4, 5

*Van Overdam v. Tex. A&M Univ.*,
    43 F.4th 522 (5th Cir. 2022), cert. denied, 143 S. Ct. 2466 (2023) ............................. 7

*Venegas-Hernandez v. Sonolux Records,*
    370 F.3d 183 (1st Cir. 2004) ........................................................................................ 2

*Versata Software, Inc. v. Internet Brands, Inc.*,
    No. 2:08-CV-313-WCB, 2012 WL 3075167 (E.D. Tex. July 30, 2012) ..................... 4

*Wilder v. Stephen F. Austin State Univ.*,
    552 F. Supp. 3d 639 (E.D. Tex. 2021) ......................................................................... 8

*Yniguez v. State*,
    975 F.2d 646 (9th Cir. 1992) ........................................................................................ 4

**RULES**

Fed. R. Civ. P. 54(c) ................................................................................................................ 3

Fed. R. Civ. P. 56(a) ................................................................................................................ 7

Fed. R. Civ. P. 59(e) ............................................................................................................ 1, 2

Tex. Gov't. Code § 552.001, *et. seq* ....................................................................................... 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN VAN OVERDAM,** *Plaintiff* | § § § | |
| v. | § § | CASE NO. 4:18-CV-02011 |
| **TEXAS A&M UNIVERSITY,** *et al.* *Defendant* | § § § | |

**PLAINTIFF AUSTIN VAN OVERDAM'S
AMENDED MOTION TO ALTER OR AMEND JUDGMENT**

TO THE HONORABLE JUDGE ELLISON:

COMES NOW Plaintiff Austin Van Overdam ("Van Overdam") and files this Amended Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e), and respectfully requests that the Court alter or amend its Memorandum & Order[1] and Final Judgment[2] (collectively referred to herein as the "Judgment") granting Defendants Texas A&M University, et. al. ("Texas A&M") Motion for Summary Judgment and dismissing Van Overdam's Title IX selective enforcement claim with prejudice. In support of same, Van Overdam would show the Court as follows:

**SUMMARY OF THE ARGUMENT**

1. The Court should alter or amend its Judgment because it contains manifest errors of law and fact. Specifically, in its Judgment (1) the Court erred by finding that Van Overdam lacked standing to bring his Title IX selective enforcement claim, and (2) the Court erred by finding that Van Overdam failed to demonstrate a genuine issue of material fact on his Title IX selective enforcement claim.

---

[1] Dkt. 170.
[2] Dkt. 171.

Page 1

2. Van Overdam has established standing because Van Overdam is entitled to nominal damages and a correction and/or expunction of Texas A&M's records related to Van Overdam's Title IX proceedings. Nominal damages do not need to be specifically pleaded, and the broad request for relief contained in Van Overdam's Complaint suffices to establish that he sought, at a minimum, nominal damages. Further, the evidence shows that Texas A&M maintains records from Van Overdam's Title IX proceedings that could be subject to a public record request. Therefore, Van Overdam also established standing through is claim for injunctive relief.

3. Additionally, the Court inappropriately applied Title VII precedent to Van Overdam's Title IX selective enforcement claim. The standards applied by court in Title VII claims do not universally apply to Title IX claims. The standard applicable to summary judgment on a selective enforcement Title IX claim is well-established and does not incorporate the requirements of the *McDonnell Douglas* framework. As is required by the established standard, Van Overdam demonstrated a genuine issue of material fact regarding whether sex was a motivating factor in the severity of Van Overdam's punishment.

## ARGUMENTS AND AUTHORITIES

4. A party may move to alter or amend a judgment within twenty-eight days after that judgment is entered. Fed. R. Civ. P. 59(e). In considering a motion to alter or amend judgment, the Court has discretion to alter or amend its judgment when the judgment contains a manifest error of law or fact. *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021). A manifest error of law is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equipment Corp.,* 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004). Here, the Court should alter or amend its Judgment to correct the manifest errors of fact and law regarding Van Overdam's

standing and the Court's application of the *McDonnell Douglas* framework to Van Overdam's selective enforcement claim. 411 U.S. 792 (1973).

**I.      The Judgment contains manifest errors of law and fact regarding Van Overdam's constitutional standing.**

5.      The Court should alter or amend its Judgment because it contains manifest errors of law and fact related to Van Overdam's standing. Constitutional standing requires (1) an injury in fact, (2) a causal connection between the injury and conduct complained of, and (3) a likelihood that a favorable decision will redress the injury. *Luhan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). As the Court noted in its Memorandum & Order, Van Overdam satisfied the first two standing elements.[3] However, the Court incorrectly determined that Van Overdam did not satisfy the third standing element, despite Van Overdam's claims for nominal damages and injunctive relief through Texas A&M's expunction of his records.

**A.      Van Overdam established constitutional standing because he sought all relief for which he was entitled, including nominal damages.**

6.      Van Overdam is entitled to recover nominal damages. All final judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). As a result, plaintiffs may be entitled to relief that was not specifically requested. *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019) (finding that a plaintiff could be entitled to injunctive relief without specifically asking for it because he included a broad request for other relief in his complaint).

7.      Although Van Overdam's Complaint does not specifically ask for nominal damages, it does contain similar language to the language pointed to by the *Purdue* court, requesting "such further relief, both general and special, at law or in equity, to which Plaintiff may

---

[3] Dkt. 70 at 7 at 6 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

show himself to be justly entitled."[4] *Purdue*, 928 F.3d at 667. Likewise, several courts have found that a party was entitled to recover nominal damages based on near-identical language to Van Overdam.[5] The Supreme Court has described nominal damages as "the damages **awarded by default** until the plaintiff establishes entitlement to some other form of damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021). In fact, the Supreme Court, without addressing whether such language was included in a pleading, has found that a plaintiff could be entitled to nominal damages even when they were not specifically requested. *Carey v. Piphus*, 435 U.S. 247, 250, 267 (1978); *see also Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313-WCB, 2012 WL 3075167, at *3 (E.D. Tex. July 30, 2012) (finding that specifically pleading for nominal damages is unnecessary).

8. Additionally, the Court's reliance on *Stern* and *Busick* constitutes a manifest error of law because neither case addresses the issue of whether nominal damages need to be specifically pleaded. In *Stern*, the Fifth Circuit found that the plaintiff "failed to address" the trial court's ruling on the argument and thus "abandoned this issue." *Stern v. Hinds Cnty., Miss.*, 436 Fed. Appx. 381, 382 (5th Cir. 2011). In addition, the Fifth Circuit's *Busick* opinion does not point to the plaintiff's pleadings or address how the court determined that the plaintiff did not request nominal damages. *See Busick v. Neal*, 380 F. App'x 392, 398 (5th Cir. 2010) (including one single sentence on the matter).

---

[4] *See also* Dkt. 42 at 16.
[5] *See Yniguez v. State*, 975 F.2d 646, 647 n.1 (9th Cir. 1992); *Minnesota Lawyers Mut. Ins. Co. v. Batzli*, 442 Fed. Appx. 40, 52 n.19 (4th Cir. 2011); *Neutron Depot, LLC v. Bankrate, Inc.*, No. AU-16-CA-01170-SS, 2018 WL 6588573, at *1 (W.D. Tex. Aug. 16, 2018) (finding that when "the plaintiff's complaint seeks all such further relief as the Court deems necessary and proper, it is unnecessary for the plaintiff to specifically plead nominal damages."); *Labouliere v. Our Lady of the Lake Found.*, No. CV 16-785-SDD-SDJ, 2020 WL 1435156, at *3 (M.D. La. Mar. 23, 2020) (finding that a complaint's allegations put the defendant on notice that the plaintiff was seeking damages, which sufficed to potentially entitle her to nominal damages); *James v. Byrd*, No. CV 20-0308, 2020 WL 1879058, at *6 (W.D. La. Apr. 1, 2020), report and recommendation adopted, No. CV 20-0308, 2020 WL 1869020 (W.D. La. Apr. 14, 2020).

9. Because Van Overdam is entitled to nominal damages and his claim is based on a complete violation of a legal right, the redressability element of standing is satisfied. *See Uzuegbunam*, 141 S. Ct. at 802. Therefore, the Court should alter or amend its Judgment regarding Van Overdam's standing.

### B. Van Overdam also established his constitutional standing because he sought injunctive relief through Texas A&M's expunction of his records.

10. Van Overdam is also entitled to an expunction of his records at Texas A&M. In its Judgment, the Court determined that Van Overdam was not entitled to injunctive relief because he "failed to point to any evidence of a notation in his records from TAMU that the Court could order [Texas A&M] to retract or expunge.[6] However, the Court's ruling constitutes manifest error of law, because whether or not Texas A&M maintains a record of Van Overdam's disciplinary proceedings which warrant expunction is a question of fact. Texas A&M has certainly maintained records of the Title IX proceedings against Van Overdam, seeing as it has undeniably produced such records during discovery for this case. Accordingly, because records related to Van Overdam's disciplinary proceedings exist, they are subject to the Texas Public Information Act. *See* TEX. GOV'T. CODE § 552.001, *et. seq.* As a result, Texas A&M possesses records related to Van Overdam's Title IX proceedings that could be expunged by an order of the Court. Therefore, Van Overdam has satisfied the third element of constitutional standing by demonstrating a redressable injury. *Lujan*, 504 U.S. 560-561.

11. Based on the above, the Court should alter or amend its Judgment to find that Van Over does have constitutional standing.

---

[6] Dkt. 170 at 9.

**II.     The Judgment contains manifest errors of law with regard to the Court's application of Title VII precedent to Van Overdam's Title IX selective enforcement claim.**

12.     Although some aspects of Title VII case law have been applied to the Title IX context, that does "not establish any sweeping parallel between Title IX and Title VII." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 655 (5th Cir. 1997). Therefore, the Fifth Circuit does not unquestionably apply Title VII's case law to Title IX. *Neese v. Becerra*, 640 F. Supp. 3d 668, 678 (N.D. Tex. 2022) (citing *Rosa*, 106 F.3d at 655–56 and *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)). Here, the Judgment contains manifest errors of law because the Court inappropriately applied the *McDonnell Douglas* framework to Van Overdam's Title IX selective enforcement claim, and the Court applied the standard for direct comparator evidence in Title IX selective enforcement claims too narrowly.

      **A.     The Court's application of Title VII precedent to Van Overdam's Title IX selective enforcement claim is a manifest error of law.**

13.     The *McDonnell Douglas* framework does not apply to selective enforcement claims under Title IX. The Fifth Circuit has had ample opportunity to apply the *McDonnell Douglas* framework to Title IX cases in the more than fifty years that have passed since the case was decided. *See generally, McDonnell Douglas*, 411 U.S. 792 (1973). However, the Fifth Circuit has declined to articulate any requirement for the plaintiff to establish a prima facie case of discrimination or pretext. *See Arceneaux v. Assumption Par. Sch. Bd.*, 733 Fed. Appx. 175, 178 (5th Cir. 2018); *see also Doe v. William Marsh Rice Univ.*, 67 F.4th 702, 711 (5th Cir. 2023) (finding that a genuine issue of material fact existed regarding whether a university's decision to initiate proceedings against the plaintiff was motivated by gender bias, with ***no mention whatsoever*** of any requirement for the plaintiff to establish a prima facie case of pretext).

14. On the other hand, the Fifth Circuit has clearly indicated that statistics comparing disparities between accused men and women could be used to create a genuine issue of material fact regarding systemic gender bias. *Compare Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 213 (5th Cir. 2019) (reviewing the statistical rate of men and women being found responsible for threat or harassment to determine whether the plaintiff raised a genuine issue of material fact regarding systemic gender bias in Title IX selective enforcement claim) *with Baker v. Randstad N. Am., L.P.*, 151 Fed. Appx. 314, 320 (5th Cir. 2005) (providing that in a Title VII employment discrimination claim, statistical evidence may not on its own create a genuine issue of material fact regarding pretext). This standard has been well-established by the Fifth Circuit and directly contradicts the application of the *McDonnell Douglas* framework to Title IX selective enforcement cases, despite some district courts' erroneous departure from the proper standard.

15. The Court should have applied the same standard to Texas A&M's Motion that the Fifth Circuit has applied to motions for summary judgment in other cases involving Title IX claims. Texas A&M had the burden to "show that there is no genuine dispute of material fact" and that it was "entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Further, the Court was charged with reviewing the "evidence in the light most favorable to the nonmoving party." *See William Marsh,* 67 F.4th at 707. "The operative question for summary judgment is whether a reasonable jury—presented with the facts alleged—could find that sex was a motivating factor in the University's disciplinary decision." *Id.* at 709; *see also Klocke*, 938 F.3d at 213 (applying the same standard on summary judgment). Selective enforcement is one theory of liability that can be used to establish that sex was a motivating factor. *Van Overdam v. Tex. A&M Univ.*, 43 F.4th 522, 527 (5th Cir. 2022), cert. denied, 143 S. Ct. 2466 (2023). To prove selective enforcement, the plaintiff has to establish that "regardless of the student's guilt or innocence, the severity of the

penalty and/or decision to initiate the proceeding **was affected by** the student's gender." *William Marsh,* 67 F.4th at 711 (emphasis added); *see also Klocke*, 938 F.3d at 213 (applying the same standard). Therefore, the Court should amend or alter its Judgment because it improperly applied the *McDonnell Douglas* framework to Van Overdam's selective enforcement claim.

> **B.  By applying Title VII precedent to Van Overdam's Title IX selective enforcement claim, the Court reviewed Van Overdam's direct comparator evidence too narrowly, which resulted in a manifest error of law.**

16. Although one way to establish a selective enforcement claim is to identify a similar direct comparator, that is not the only way to establish such a claim. *See Klocke*, 938 F.3d at 213 (looking to statistical analysis to determine whether it suggested systemic gender bias after already concluding that the plaintiff failed to identify a similarly situated comparator). In this case, the statistical evidence, which was based on the data available within the scope of discovery permitted, demonstrated that males were generally punished more harshly than females across the board. As a result, there is a genuine issue of material fact regarding the systemic gender bias suggested by this data.

17. Furthermore, even in applying the Title VII "nearly identical" comparator standard, courts have cautioned that "nearly identical" does not literally mean "identical." *Wilder v. Stephen F. Austin State Univ.*, 552 F. Supp. 3d 639, 658 (E.D. Tex. 2021) (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). "For example, [in the Title VII context,] it is sufficient that the ultimate decisionmaker as to employees' continued employment is the same individual, even if the employees do not share an immediate supervisor." *Id.* (quoting *Lee*, 574 F.3d at 260-61).

18. Here, in addition to his statistical evidence, Van Overdam has identified a "nearly identical" comparator. Specifically, Van Overdam identified a female student at Texas A&M who

Page 8

received multiple charges related to allegations of sexual misconduct.[7] Just like Van Overdam, this female student was found responsible for some, but not all, charges of sexual misconduct levied against her (including acts of alleged nonconsensual intercourse). *Id.* However, Unlike Van Overdam, Texas A&M declined to suspend the female student despite finding her responsible for sexual misconduct. *Id.* This outcome was later confirmed by Texas A&M's general counsel before this Court.[8] Texas A&M was the protagonist for both the female student comparator and Van Overdam. *Id.* at 17:21-20:6.

19. Further, the Title IX panel that punished Van Overdam was the same Title IX panel that decided the merits of his disciplinary case. The disparity between the findings and the punishment shows that the panel was duplicitous about its findings and, yet, punished Van Overdam anyway because he was the male student in the dispute. Moreover, Texas A&M has not shown that its Title IX program suffered from an inability to maintain consistent leadership. The Title IX panelists in Van Overdam's case were guided by the same leadership. Van Overdam was not required to prove that the panelists were the very same panelists as those who had served on every other student panel. Indeed, if that were the standard, Texas A&M could practically insulate itself from judicial review by simply rotating panel members in a system led by its Title IX administrators. Therefore, even if the Title VII direct comparator standard applies to this case, it was applied too narrowly.

20. Accordingly, through both statistical evidence and direct comparator evidence, Van Overdam has presented sufficient evidence to demonstrate the existence of a genuine issue of material fact related to his Title IX selective enforcement claim. As such, because the Court applied

---

[7] Dkt. 166, at 10-11; Dkt. 61, at 17:21-20:6.
[8] Dkt. 65, at 18:22-19:11.

the wrong legal standards to Texas A&M's Motion for Summary Judgment, the Court should alter or amend its Judgment.

## PRAYER FOR RELIEF

NOW THEREFORE, Plaintiff Austin Van Overdam respectfully requests that the Court alter or amend its Judgment, and Plaintiff further requests that he be granted all such other and further relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

**West, Webb, Allbritton & Gentry, P.C.**
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

By:  */s/ Jay Rudinger*
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852 / SDTX No. 1421393
Email: jay.rudinger@westwebblaw.com
**ATTORNEY-IN-CHARGE**
HANNA LEE
State Bar No. 24122232 / SDTX No. 3839446
Email: hanna.lee@westwebblaw.com
GAINES WEST
State Bar No. 21197500 / SDTX No. 5327
Email: gaines.west@westwebblaw.com

*Attorneys for Plaintiff - Austin Van Overdam*

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Southern District of Texas Local Rule 7.1(D). I conferred with Todd Dickerson, counsel for Defendants, by email correspondence on January 11, 2024. Mr. Dickerson stated that Defendants are opposed to this motion. No agreement could be reached because Defendants do not consent to the granting of this Motion to Alter or Amend Judgment.

*/s/ Gaines West*
GAINES WEST

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division on February 7, 2024, and therefore has been served upon all counsel of record in accordance with such e-filing protocols.

*/s/ Jay Rudinger*
JOHN "JAY" RUDINGER