Case 4:18-cv-02011 Document 185 Filed on 08/05/24 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN VAN OVERDAM,** | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-cv-02011 |
| | § | |
| **TEXAS A&M UNIVERSITY,** | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) filed by Plaintiff Austin Van Overdam ("Plaintiff" or "Van Overdam"). ECF No. 175. Plaintiff's Motion argues that the Court's Memorandum & Order granting summary judgment ("Summary Judgment Order") in favor of Defendant Texas A&M University ("Defendant" or "TAMU"), ECF No. 170, and the Court's Final Judgment Order, ECF No. 171, should be amended or altered to correct manifest errors of law and fact. Having reviewed the parties' arguments and applicable law, the Court **DENIES** Plaintiff's Motion in its entirety.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The Fifth Circuit has explicitly stated that the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

In 2018, Plaintiff brought this suit against TAMU and various university administrators

1

alleging sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX") and a deprivation of constitutional due process under 42 U.S.C. § 1983. After several years of motion practice before this Court and an interlocutory appeal to the Fifth Circuit, Plaintiff's remaining claim was a Title IX selective enforcement claim against TAMU. Defendant filed a Motion for Summary Judgment, which the Court granted on three alternative grounds: (1) Plaintiff lacked constitutional standing because he failed to go beyond the pleadings to point to any proof of the redressability of his injuries, and (2) Plaintiff's selective enforcement claim failed for lack of a comparator, the required third element of his *prima facie* burden, and (3) even if Plaintiff had established a *prima facie* case, he failed to present sufficient evidence from which a rational trier of fact could find that Defendant's proffered reasons for investigating and suspending Plaintiff were pretext for sex discrimination. *See* ECF No. 170.

Now, Plaintiff argues that the Court erred by finding that he (1) lacks standing to bring his Title IX selective enforcement claim, and (2) failed to demonstrate a genuine issue of material fact on his Title IX selective enforcement claim. Plaintiff's arguments do not come close to meeting the Rule 59(e) standard and to justifying the "extraordinary remedy" of an altered or amended judgment. *Templet*, 367 F.3d at 479.

The Court will respond briefly to certain arguments to illustrate the deficiencies. It is well-established that a Rule 59(e) Motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)); *see also Templet*, 367 F.3d at 479 (stating that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Nevertheless, Plaintiff raises an argument in his Rule 59(e) motion that did

not appear in his summary judgment briefing: namely, that he has standing because Defendant possesses records of his disciplinary proceedings that, theoretically, *could* be subject to a public records request and that the Court could order expunged. ECF No. 175 at 9. This argument cannot form the basis to alter or amend the Court's judgment because, as Defendant contends, Plaintiff "(1) did not raise this argument in his summary judgment response; (2) cites no binding caselaw (or even persuasive caselaw) showing his expungement injury to be legally cognizable in this context; and (3) does not base this argument on newly-discovered evidence or postdecision caselaw." ECF No. 181 at 4.

As for Plaintiff's argument that the Court's Judgment "contains manifest errors of law with regard to the Court's application of Title VII precedent to Van Overdam's Title IX selective enforcement claim," ECF No. 175 at 10, the Court reminds Plaintiff that "manifest error" only occurs when the issue "is plain and indisputable" such that the district court's decision "amounts to a complete disregard of the controlling law," *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)). In its Summary Judgment Order, the Court explained why it found the *McDonnell Douglas* burden-shifting framework used in Title VII cases applicable to the present case—as have numerous other courts. *See* ECF No. 170 at 10-11. Plaintiff conveniently ignores this precedent. Similarly, Plaintiff does not acknowledge the Court's thorough analysis of the flaws in his alleged comparator and statistical evidence.

While Plaintiff may disagree with this Court's resolution of his claims, he has failed to show a manifest error in this Court's Judgment. The Court, therefore, **DENIES** Plaintiff's Motion to Alter or Amend Judgment, ECF No. 175.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 5th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE